991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Derrick Dennis LANE, Plaintiff-Appellant,
v.
STATE Of KANSAS; Tom Daily, Chief of Police, Kansas City,
Kansas Police Department; Nick Tomasic, District
Attorney's Office, 29th Judicial
District Courthouse, Kansas,
Defendants-Appellees.
Derrick Dennis LANE, Petitioner-Appellant,
v.
WYANDOTTE COUNTY COURTHOUSE; Attorney General of Kansas,
Respondents-Appellees.
 Nos. 92-3396, 92-3397.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Derrick Dennis Lane appeals from two orders of the United States District Court for the District of Kansas. In Case No. 92-3396, Lane appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint against various Wyandotte County and Kansas City, Kansas officials. In Case No. 92-3396, Lane appeals the dismissal of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. We affirm both decisions.
 
 
 3
 We first address Lane's habeas petition. The district court dismissed that petition for failure to exhaust state remedies. The court noted that, since Lane had not been sentenced at the time of the petition, it was inconceivable that the state appeal process had even begun. Because neither the petitioner nor the record offers any evidence of exhaustion, we affirm the dismissal of Lane's petition for habeas corpus relief for failure to exhaust his state remedies.
 
 
 4
 Mr. Lane also appeals the dismissal of his § 1983 complaint. In that complaint, Lane alleged that the police lacked probable cause to arrest him and that he had a complete alibi defense to the crime charged. Lane further alleged that he was convicted not because he was guilty but because he was black. The district court determined that Lane was challenging the fact of his incarceration, a challenge properly brought in a habeas petition, not a civil rights complaint, and dismissed the complaint. We agree.
 
 
 5
 Petitioner's motions to proceed in forma pauperis and the certificate of probable cause are GRANTED. The orders of the district court dismissing the complaint in Case No. 92-3396 and the petition in Case No. 92-3397 are AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3